NO. 07-12-00064-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 7, 2013

---

ISREAL JESUS NEGRETE, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

---

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 11,568; HONORABLE DAN MIKE BIRD, JUDGE

---

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Isreal Jesus Negrete, appeals his punishment for the offense of family violence assault, enhanced to a third-degree felony by a previous misdemeanor family violence conviction[1] and further enhanced for punishment by proof of a prior felony conviction.[2] After hearing the evidence, appellant was sentenced by the jury to serve a term of confinement of 12 years in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ). Appellant contends through two issues that the trial court erred in either allowing testimony or in refusing to allow appellant to present testimony

---

[1] See TEX. PENAL CODE ANN. §§ 22.01(a)(1), (b)(2)(A) (West 2011).

[2] See id. § 12.42(a) (West Supp. 2012)

and that such decision of the trial court was an abuse of discretion. Disagreeing with appellant, we will affirm the trial court's judgment.

## Factual and Procedural Background

In April 2011, appellant and the victim, Jennifer Ramirez, were living together in Vernon, Texas. The record reveals that they were living together but were not married. On April 13, appellant assaulted Ramirez. After Ramirez got away from appellant, she ran to a neighbor's home, and the police were called. Appellant fled the scene. The police interviewed Ramirez and offered to take her to the hospital; however, Ramirez denied needing to see a physician. The next day, at the insistence of her mother, Ramirez sought medical attention. She was treated for vaginal bleeding resulting from a trauma injury.

Appellant was indicted for the offense of family violence assault during the June term of the grand jury in Wilbarger County. Appellant's case was set for trial on November 1, 2011. When the case was called for trial, appellant entered a plea of guilty to the indictment and a plea of true to the prior felony conviction. The issue of punishment was submitted to a jury after receipt of the evidence.

During the presentation of the State's case, testimony was received that Ramirez's minor child was asleep in the bedroom at the time of the assault. Appellant objected to this evidence, and his first issue contends that the trial court abused its discretion by allowing this testimony to go before the jury.

Later, during the presentation of evidence by appellant, appellant sought to elicit testimony that Ramirez had other confrontations with appellant and had acted as the

2

aggressor in those other confrontations. The trial court did not permit the testimony, and, as a result, appellant offered a bill of exception regarding the testimony of Brittany Grimes and a proffer of testimony regarding witness Leo Flores.

We disagree with appellant's contentions regarding each of his issues and will, therefore, affirm the judgment of the trial court.

## Standard of Review

We review the trial court's decision to exclude or admit evidence for an abuse of discretion. Montgomery v. State, 810 S.W.2d 372, 379 (Tex.Crim.App. 1990) (en banc) (citing Marras v. State, 741 S.W.2d 395, 404 (Tex.Crim.App. 1987) (en banc)). The test for abuse of discretion is a question of whether the trial court acted without reference to any guiding rules and principles. Id. at 380. We will uphold the trial court's ruling "so long as the result is not reached in an arbitrary or capricious manner." Id.

## Analysis

Testimony Regarding the Presence of Ramirez's Child

Appellant's first issue complains that the trial court acted improperly in allowing testimony regarding the presence of the victim's child at the scene of the assault to come before the jury during the punishment phase of the trial. Officer Jerry Ranjel testified that the victim's child was still in the house when Ranjel arrived on the scene. Appellant objected to such testimony based on the assertion that the probative value of the testimony was substantially outweighed by the unfair prejudice such testimony

3

would produce in the jury's mind. The trial court overruled the objection and granted appellant a running objection to such testimony.

After the officer had testified and during cross-examination of Ramirez, appellant's trial counsel asked Ramirez questions about 1) the age of the child on the day of the assault, 2) whether the bathroom separated the child's room from the room where appellant and Ramirez began their altercation, 3) whether this was the same bathroom to which she fled, and 4) whether the assault continued in that bathroom. As can be observed, the testimony elicited on cross-examination of Ramirez was much more detailed about the child's presence near the altercation than that offered by the State through the testimony of Ranjel.

Even were we to agree that the admission of Ranjel's testimony regarding the presence of the child was error, something we specifically do not agree to, such error would not call for reversal. This is so because appellant brought forth testimony similar in nature to that of which he now complains. In fact, he brought forth testimony in greater detail, during the cross-examination of Ramirez, than the State during its examination of Ranjel. Any error caused in admitting Ranjel's testimony was not a cause for reversal. See Coble v. State, 330 S.W.3d 253, 282 (Tex.Crim.App. 2010), Tovar v. State, No. 07-07-00156-CR, 2009 Tex. App. LEXIS 2739, at *8 (Tex.App.—Amarillo Apr. 21, 2009, pet. ref'd) (mem. op., not designated for publication) (citing Leday v. State, 983 S.W.2d 713, 717 (Tex.Crim.App. 1998)). Accordingly, appellant's first issue is overruled.

4

<u>Evidence of Ramirez's Agression</u>

By his second issue, appellant contends that the trial court erred when it did not admit evidence that the victim had acted in an aggressive manner toward appellant. Specifically, appellant sought to introduce the testimony of Brittany Grimes that Ramirez had broken into appellant's home while Grimes and appellant were present. According to Grimes, this resulted in Ramirez throwing a bottle at appellant's vehicle and threatening other damage to the vehicle. The second instance involved the proffer of the testimony of Leo Flores. Flores was, according to the proffer, prepared to testify that he had observed Ramirez act aggressively toward appellant at Flores's place of business.

Pursuant to appellant's theory of admissibility, the testimony referred to above was admissible to combat the State's theory that appellant violently and ruthlessly dominated Ramirez. Going further, appellant contends that the State devoted a great deal of its case on the testimony of Judith Beechler, an Assistant Professor of Counseling at Midwestern State University. The record reveals that Beechler testified as an expert on primarily two subjects: first, on the "cycle of violence" and, second, on the "power and control wheel." Beechler's testimony was not specific as to appellant and the victim, but rather, was more in the form of an expert opinion about the dynamics of domestic violence. She did not testify specifically about either appellant or Ramirez, as she had not spoken with or counseled either.

In analyzing appellant's issue, we begin with the fact that appellant has pleaded guilty to the primary offense and has not attacked his plea of guilty. Accordingly, appellant has admitted all of the elements of the offense. What this means to

appellant's argument is summarized in the following quotation from the Texas Court of Criminal Appeals: "Unlike the guilty phase, 'the question at punishment is not whether the defendant has committed a crime, but instead, what sentence should be assessed.'" Ellison v. State, 201 S.W.3d 714, 718 (Tex.Crim.App. 2006) (quoting Haley v. State, 173 S.W.3d 510, 515 (Tex.Crim.App. 2005)).

Appellant's plea of guilty took the question of who was the aggressor out of the picture. Appellant's plea legally admits to the jury that he committed the act "intentionally and knowingly," thereby confirming his status as the aggressor. See TEX. PENAL CODE ANN. § 22.01(a)(1). The admissibility of evidence during the punishment phase of the trial is governed, to a large extent, by article 37.07, section 3(a) of the Texas Code of Criminal Procedure. That section provides that "any matter the court deems relevant to sentencing" is admissible during the punishment phase of a trial. See TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3(a) (West Supp. 2012). Thus, when the trial court, in our case, ruled that the evidence was not relevant to the issue of punishment, it was acting pursuant to the guidelines of the Texas Code of Criminal Procedure. See id. Accordingly, the trial court did not abuse its discretion. See Montgomery, 810 S.W.2d at 380. Appellant's second issue is overruled.

Conclusion

Having overruled both of appellant's issues, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.

6